**RIVKIN RADLER**
ATTORNEYS AT LAW

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000  F 516.357.3333

MICHAEL A. SIRIGNANO
PARTNER
(516) 357-3073
michael.sirignano@rivkin.com

February 14, 2018

**BY ECF**
Honorable Sanket J. Bulsara
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Government Employees Insurance Company, et al. v. Khait, D.C., et al.*
            Docket No. 1:17-cv-01881 (PKC)(SJB)
            RR File No.: 005100-02203

Dear Magistrate Judge Bulsara:

This firm represents plaintiffs (collectively, "Plaintiffs" and/or "GEICO") in the above referenced matter. Pursuant to Your Honor's Individual Rules, this letter serves as Plaintiffs' request for an extension of the deadline to complete fact and expert discovery. The current deadline to complete fact and expert discovery is February 26, 2018. This is the first request for an extension of the discovery deadline.

As Your Honor may recall, the parties and the Court previously recognized that an extension of the initial discovery deadline would be necessary due to the extensive delays faced by GEICO in receiving responses to GEICO's discovery demands from the Defendants, as well as due to the complex nature of the discovery in this case. GEICO notes that the Court has scheduled a settlement conference for March 12, 2018. During the discussions with the Court relating to this settlement conference, GEICO understood that the Court intended to extend the fact discovery deadline, to the extent a settlement was not reached. However, given that the formal discovery deadline remains February 28, 2018 on the Court's docket, GEICO respectfully requests that the deadline be extended in advance of that date so that there is no confusion by either party.

The parties will be prepared to discuss an appropriate extension of the discovery schedule during the March 12, 2018 settlement conference if no settlement is reached. <u>In advance of this conference, GEICO respectfully requests that fact discovery be extended an additional 90 days</u>. Plaintiffs have discussed this request with Defendants' new counsel, Gary Tsirelman, Esq., who has consented to an extension of the discovery schedule. However, counsel for Defendants has indicated he may need even more time to complete fact discovery than that contemplated by GEICO. Given this, it may be appropriate to extend discovery *sine die*, pending further Order of the Court after the settlement conference in this case.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000  F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460  F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555  F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100  F 845.473.8777



Honorable Sanket J. Bulsara
February 14, 2018
Page 2

GEICO notes that prior counsel for the Defendants worked in good faith in trying to move discovery forward pursuant to your Honor's directives, including participating in two lengthy, in-person, meet and confer sessions. However, the parties could not resolve all of their discovery disputes and Plaintiffs have filed a renewed motion to compel on the various items that remain in dispute. See Docket No. 24. That motion remains pending, with Defendants' new counsel having received an extension of time to submit opposition to February 28, 2018.

GEICO further notes that the nature of the fact discovery in this case has been complex, as the discovery obtained to date has revealed, among other things, that the Defendants have issued payment to *over 500* separate individuals and entities. As a result, the scope of third party discovery is substantial, and GEICO is actively seeking discovery from many of these separate individuals and entities regarding its allegations of kickbacks and payments used to steer patients to the PC Defendants for purported treatment. Because of the nature of the fraud, which involves payments to a staggering number of separate individuals and entities, additional time will be necessary for GEICO to complete this discovery.

Finally, although fact and expert discovery are currently scheduled to conclude on the same date, Plaintiffs respectfully request a separate schedule for expert discovery. As fact discovery has unfolded, it has become apparent that GEICO will require multiple financial and medical experts should this case proceed to trial. Accordingly, Plaintiffs request the opportunity to submit a joint proposed expert discovery schedule in the event that the settlement conference currently scheduled for March 12, 2018 proves unfruitful.

The parties are mindful of the Court's interest in moving this case forward expeditiously, and both sides continue to work together in good faith to complete the remaining discovery. However, GEICO submits that, given the scope of the case, the complex nature of the alleged fraud, and the significance of a trial in this area of no-fault insurance fraud, it is reasonable to permit the parties additional time to complete all necessary discovery and properly prepare this case for trial.

We thank the Court for its attention to this matter.

Very truly yours,

RIVKIN RADLER LLP

Michael A. Sirignano

cc:   All counsel via ECF