| | | |
|---|---|---|
| **GTPC** **GARY TSIRELMAN P.C.** ATTORNEYS & COUNSELORS AT LAW | | 129 LIVINGSTON STREET SECOND & THIRD FLOORS BROOKLYN, NY 11201 T: (718) 438-1200 • F: (718) 438-8883 nbowers@gtmdjd.com |
| Gary TSIRELMAN M.D. Darya KLEIN Selina CHIN David GOTTLIEB | Stefan BELINFANTI Ilya MURAFA Nicholas BOWERS Sebastian MELO Joseph PADRUCCO | Douglas MACE Jennifer RAHEB Evan POLANSKY |

2/28/2018

BY ECF
Honorable Sanket Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** *Government Employees Insurance Company, et al., v. Alex Khait, et al., Index No. 17-cv-01881*; Consent Motion to Extend Time to Respond

Dear Judge Bulsara:

We write on behalf of Defendants Alex Khait, D.C., City Chiropractic, P.C., Atlantic Chiropractic, P.C., Active Chiropractic, P.C., Actual Chiropractic, P.C., and American Chiropractic Care, P.C., ("Defendants") in opposition to Plaintiffs' motion to compel filed at ECF No. 24.

As an initial matter, since Defendants' retention of new counsel, Plaintiffs and Defendants have met and conferred regarding Plaintiffs' motion. The parties were able to come to an agreement regarding the bulk of Plaintiffs' motion. Defendants have submitted a stipulation agreed to by all parties resolving most of Plaintiffs' motion. ECF No. 33. As set forth in the stipulation, Defendants have agreed to provide Plaintiffs with Defendants' personal tax returns, personal bank records, telephone records, and data about Defendant Khait's work for and ownership of companies not party to the instant suit. *Id*. Thus, the only discovery matter remaining before the Court is Plaintiffs' motion to compel Defendants to identify "all computer, electronic, and other equipment that have been used in the course of Defendants' business, whether owned by the Defendants or not, along with the type, brand, and model number of each device, the devices' current location, and the brand and version of all software used on each device." Defendants object to this demand because it is overly broad, vague, not proportional to the needs of the case, and Plaintiffs have failed to meet their *prima facie* burden establishing their entitlement to such discovery.

A. <u>Applicable Legal Standards</u>

Plaintiffs appear to base their motion on a theory that relevance is the sole criterion the court must consider in deciding the instant motion. *See, e.g.*, ECF No. 24 at 2. However, the scope of discovery in this matter is governed by Federal Rule 26(b)(1), which was amended on December 1, 2015, to recognize that "information is discoverable . . . if it is relevant to any party's claim or defense <u>and</u> is proportional to the needs of the case." Fed. R. Civ. P. 26; *see Sibley v. Choice Hotels Int'l*, No. CV 14-634, 2015 U.S. Dist. LEXIS 170734, at *6 (E.D.N.Y. Dec. 22, 2015) (recognizing that "the current version of Rule 26 defines permissible discovery to consist of information that is, in addition to being relevant 'to any party's claim or defense,' also 'proportional to the needs of the case.'")(internal citations omitted)(emphasis added). The amendment also eliminated the "provision authorizing the court . . . to order discovery of any matter relevant to the subject matter involved in the action." see *Sibley*, 2015 U.S. Dist. LEXIS 170734, 2015 WL 9413101, at *2 (internal citation omitted). Although it does not create a new standard, this amendment "serves to exhort judges to exercise their preexisting control over discovery more exactingly." *Robertson v. People Magazine*, 2015 U.S. Dist. LEXIS 168525, at *5 (S.D.N.Y. Dec. 16, 2015). Indeed, absent from the amended rule is "the all too familiar, but never correct, iteration of permissible discovery as including all matter that is 'reasonably calculated to lead to' the discovery of admissible evidence." *Sibley*, 2015 U.S. Dist. LEXIS 170734, at *7. The scope of discovery in the case is therefore bounded both by relevance and whether the discovery is proportional to the needs of the case.[1]

Furthermore, Plaintiffs bear the burden of making "a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Barbara v. MarineMax, Inc.*, No. 12 Civ. 368, 2013 WL 1952308, at *2 (E.D.N.Y. May 10, 2013) (citing *Wells Fargo Bank, N.A. v. Konover*, No. 05 Civ. 1924, 2009 WL 585430, at *5 (D. Conn. Mar. 4, 2009)). As set forth below, Plaintiffs have failed to make any showing that their demand that Defendants catalog and identify every piece of equipment ever used in the course of their business whether owned by Defendants or not is anything but a fishing expedition calculated to annoy and harass Defendants.

---

[1] The proportionality factors courts are to use when determining the scope of discovery are, according to Federal Rule 26(b): "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

B. <u>Plaintiffs' Demands and Motion</u>

Plaintiffs seek a list of every piece of equipment ever used in the course of Defendants' business over the past twelve years without limitation, including any equipment not owned by Defendants, where the equipment is located now, and the brand and version of all software on each device. ECF No. 24 at 2. Defendants have objected and continue to object to this demand as vague, overly broad, and not proportional to the needs of the case, as reflected in the corporate Defendants' responses to Plaintiffs demands, appended hereto as Exhibit A.

Plaintiffs argue that they require searching discovery of each and every piece of equipment ever used in the course of Defendants' business in order to "ascertain[] the scope of the [alleged] racketeering scheme at issue" in this case. *Id.* at 8. Plaintiffs cite to a single decision in support, which Plaintiffs admit concerned discovery of tax and bank records. *State Farm Mut. Auto Ins. Co. v. Eastern Medical, P.C., et al.*, 1:05-cv-03804 (E.D.N.Y. March 21, 2007). As set forth above, Defendants have already agreed to produce extensive personal financial records, including tax returns and bank records, of the type at issue in *Eastern Medical*. Plaintiffs reliance on that decision in support of their demands for an accounting of all equipment ever used in the course of Defendants' business is therefore misplace. No court in this District has allowed the sort of overbroad discovery Plaintiffs now seek in any similar case.

This demand is facially overbroad and vague insofar as it appears to demand Defendants to identify the make and model of any piece of equipment ever used in the course of their business, from office chairs to medical equipment, to computers. Plaintiffs also demand that Khait identify the brand and version of all software on each piece of equipment that has a software component, regardless of whether the software was used in the course of business or has any relevance to the case at bar. This burden on Defendants is compounded by Plaintiffs' inclusion of equipment not owned by any Defendant and the broad and vague demand for any equipment used in the course of Defendants' business without limitation, as it is unclear what "used in the course of Defendants' business" means. The demand appears to include any equipment used by any employee while and of the corporate Defendants were open.[2] Thus, the demand seems to require that Defendants track down every cell phone or computer used by any person who ever had contact with Defendants and perform an exhaustive inventory of every program on each device regardless of the nature of the program or its link to Plaintiffs' allegations or Defendants' defenses.

---

[2] It is also not clear from Plaintiffs' demands whether they want a full accounting of all versions of all software and operating systems that have ever existed on a given piece of electronic equipment or whether Plaintiffs demand just what operating system or software are currently on any given computer or piece of electronic equipment.

Plaintiffs also do not adequately set forth how an inventory of every piece of equipment and software would assist them in ascertaining the scope of the alleged racketeering activity. Plaintiffs' claims in this lawsuit involve alleged medical billing fraud, including the payment of kickbacks for patient recruiting, self-referrals, and billing for medically unnecessary services. Docket 1, *passim*. Plaintiffs make no real attempt to establish how they would use the identity of equipment used in the course of Defendants' business would assist in establishing the scope of the alleged scheme. Plaintiffs do not state what relevant information such identification would lead to other than a conclusory reference to Defendants' lack of certain records and a vague reservation of Plaintiffs' rights to conduct further discovery. ECF No. 24 at 8.

Plaintiffs make much of Defendants' lack of written agreements and communications with service providers, landlords, and employees in connection with this demand without setting forth how this demand is related to such lack other than a conclusory assertion that "[accordingly, the identity of any . . . equipment used in the course of the Defendants' business is clearly discoverable." *Id*. Disturbingly, Plaintiffs go on to admit parenthetically that they plan to use this demand as the opening salvo of a fishing expedition: "[b]ased on what is identified, Plaintiffs reserve their right to request further discovery, but such discovery cannot be addressed at this point as Plaintiffs simply do not know what computers or electronic equipment Khait used in his businesses." *Id*. Plaintiffs do not explain how knowledge of each type of software and the identity of every piece of equipment ever used by Khait would assist them in conducting further discovery. Indeed, Plaintiffs have, or will shortly have, the identities of every person who has ever had a financial transaction with any Defendant, including employees, vendors, and landlords, as well as access to phone records for any phone used in connection with Defendants' business. If Plaintiffs truly believe any such people or entities are involved in the alleged scheme, it is unclear why Plaintiffs would not seek any agreements or communications from them rather than demanding the identity of every piece of equipment ever used by Defendants when Defendants have already stated that they have no documents or information responsive to Plaintiffs' requests.

Plaintiffs' claim that the identity of any equipment ever used by Defendants would assist in ascertaining the scope of the alleged scheme at issue is undercut by the fact that Defendants have already agreed to produce relevant documents and information, including medical records, telephone records, billing records, the identity of Defendant's non-party corporations, and extensive financial records. Indeed, Defendants have agreed to produce precisely the sorts of documents and information so often at issue in these sorts of cases, including those cases to which Plaintiffs repeatedly cite in their motion. Plaintiffs here and other similarly-

situated plaintiffs have apparently been satisfied by voluminous production of financial and business records and not needed an inventory of every piece of defendants' equipment in order to satisfactorily ascertain the scope of the alleged fraudulent schemes. Thus, even if identity of each piece of equipment Defendants have ever used, including any software components, were of help in determining the existence or scope of the alleged scheme, Defendants have already agreed to furnish document and information that more efficiently and directly assist in making such determinations.

Finally, Plaintiffs' motion seeks identification of equipment used at any time since January 1, 2006. Defendants are unlikely to be able to recall the identity of any equipment used in the course of their business from so long ago, let alone version numbers of any software that may have been on any electronic equipment. It is also doubtful that the identity of obsolete computers or long-disused equipment is of any value to the claims and defenses at issue in this matter.

For the foregoing reasons, Plaintiffs' demand and subsequent motion therefore have the hallmarks of a fishing expedition insofar as they amount to an "attempt, through broad discovery or random questions, to elicit information from [Defendants] in the hope that something relevant might be found." *Black's Law Dictionary*, 9th Ed. at 712 (2009). The demand also seeks discovery disproportionate to the needs of the case insofar as tracking down and inventorying every piece of equipment ever used by Defendants' would cost Defendants' time and money and yield little more than a list of equipment the usefulness of which Plaintiffs have not even attempted to establish in their motion.

Plaintiffs' motion should thus be denied because Plaintiffs' demand is overbroad, vague, disproportionate to the needs of the case, and amounts to an impermissible fishing expedition.

Thank you for your consideration of this letter.

Respectfully,
/s/ _____
Nicholas Bowers, Esq.
Cc: All Counsel via ECF   *Counsel for Defendants named herein*
Gary Tsirelman P.C.
129 Livingston, 2nd Floor
Brooklyn NY 11201